

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-26,838-04

**EX PARTE RAUL FERNANDO BARRON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 14-04-04074 IN THE 435TH DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam*. **YEARY, J. filed a dissenting opinion.**

### O P I N I O N

Applicant was convicted of violation of civil commitment and sentenced to life imprisonment. The Ninth Court of Appeals affirmed his conviction. *Barron v. State*, 09-14-00231-CR (Tex. App.—Beaumont Apr. 13, 2016, no pet.) (mem. op., not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant claims the conduct for which he was convicted was retroactively decriminalized by the 84th Legislature in its Senate Bill 746. The bill decriminalized violations of conditions of civil commitment which required an offender's "participation in and compliance with a specific course of treatment provided by the [Texas Civil Commitment Office and its predecessor agencies]

and compliance with all written requirements imposed by the office" and was made retroactively effective in all cases that had not yet resulted in a final conviction as of its effective date of June 17, 2015. Applicant's case was pending in the court of appeals on the effective date and was not affirmed until April 13, 2016. Based on the record, the trial court finds that Applicant's conviction should be vacated because the Legislature has retroactively voided the portion of the statute under which the applicant was convicted.

We agree. Relief is granted. *Vandyke v. State*, 538 S.W.3d 561, 567 (Tex. Crim. App. 2017). The judgment in cause number 14-04-04074 CR in the 435th District Court of Montgomery County is set aside, and Applicant is remanded to the custody of the Sheriff of Montgomery County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Delivered:      April 29, 2020
Do not publish